**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PETITIONER,** | |
| SOCRATES MARTE | |
| A#XXX-XXX-163, | |
| v. | Civ. No. _____ |
| CHRISTOPHER SHANAHAN in his | **Petition for Writ of Habeas Corpus** |
| official capacity as New York Director for | |
| U.S. Immigration Customs and Enforcement, | |
| CHRISTOPHER DAVIES in his official | |
| capacity as warden of the Bergen County | |
| Jail, | |
| **RESPONDENTS.** | |

**PETITION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. SEC. 2241**

Petitioner, by and through undersigned counsel, Robert C. Buckley, Esq., respectfully petitions this Honorable Court for a writ of habeas corpus to remedy his continued unlawful detention by Respondents. The basis for this petition is set forth in greater detail below, and in the accompanying memorandum of law, including any attached exhibits herewith.

## INTRODUCTION

1. Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS") has detained Petitioner since August of 2015 during his removal proceedings without affording him the right to an individualized bond hearing to determine whether he is a flight risk or danger to the community.

2.  Petitioner was originally detained at 201 Varick Street in New York, NY, on or around August 31, 2015 and was transferred to the Bergen County Jail in Hackensack, NJ on or around September 3, 2015.  Upon information and belief, ICE has contracted with the Bergen County facility to house immigration detainees, such as the Petitioner.  Petitioner is thus under the control of Respondents and its agents.

3.  Petitioner contends that he is not subject to the mandatory detention provisions of INA Sec. 236(c), 8 USC 1226(c); and he asserts that his detention without an individualized bond hearing violates his due process rights under the Fifth Amendment of the U.S. Constitution.

## JURISDICTION

4.  This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1101, et. seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570. This court has jurisdiction under 28 USC Sec. 2241, art. I Sec. 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. Sec. 1331, as Petitioner is presently in custody under the color and authority of the United States, and such custody is a violation of the Constitution, law, or treaties of the United States.  This Court may grant relief pursuant to 28 U.S.C. Sec. 2241, 5 U.S.C. Sec. 702, and the All Writs Act, 28 U.S.C. Sec. 1651.

5.  Further, the use of the Writ of Habeas Corpus to challenge detention by ICE is not foreclosed by the REAL ID ACT. The REAL ID ACT of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), Title I, Sec. 106(c), amending INA 242(a)(2)(A)(B)(C), and 242(g), only deprives the district court of habeas jurisdiction to review orders of removal, not

challenges to detention. *Hernandez v. Gonzalez*, 424 F.3d 42, 42 (1st Cir. 2005) (proper venue for a habeas petition remains the district court); *accord INS v. St. Cyr*, 533 U.S. 289, 364-65 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention."). Here, Petitioner is challenging the constitutionality of his continued detention without the right to an individualized bond hearing to determine whether he is a flight risk or a danger to his community.

6. Petitioner has exhausted his administrative remedies to the extent required by law because his request for an individualized hearing was denied by an Immigration Law Judge in New York, NY on September 14, 2015. See Exhibit "A." (Order of Judge T. Mulligan denying Petitioner's request for a bond hearing.) Furthermore, the Board of Immigration Appeals ("BIA"), in *Matter of Rojas*, 23 I&N 117, 127 (2001), ruled that the mandatory detention provisions of Sec. 1226(c) do not require DHS to detain an alien immediately upon their release from custody in connection with their underlying offense. Therefore, the BIA would rule that Petitioner is subject to mandatory detention, notwithstanding the seven (7) year gap between termination of his sentence for probation (2008) and his being taken into ICE custody in 2015. Consequently, Petitioner is not required to exhaust administrative remedies in this case as doing so would be futile, as BIA has already "predetermined" the issue. *Louisaire v. Muller*, 758 F.Supp.2d 229 (S.D.N.Y. 2010).

7. Additionally, such recourse would be futile because the BIA does not have jurisdiction to adjudicate constitutional issues, and Petitioner's claim is that his mandatory detention under INA 236(c) is a violation of the Due Process clause of the U.S. Constitution, under

the instant circumstances. *United States v. Gonzalez-Roque*, 301 F.3d 39, 48 (2d Cir. 2002).

## VENUE

8.  Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(e) because Petitioner was arrested by ICE in New York, NY, at his residence at 600 West 139th Street, was detained at 201 Varick Street, New York, NY, prior to his transfer to Bergen County Jail in Hackensack, NJ; and immigration proceedings were commenced at 201 Varick Street. Furthermore, the decision to deny Petition the right to an individualized bond hearing was issued by the immigration court located at 201 Varick Street, New York, NY.

9.  Alternatively, venue is proper under 28 U.S.C. Sec. 1391(b) because a substantial part of the events giving rise to this claim occurred in this district at 201 Varick Street, New York, NY.

10. Christopher Shanahan, who is the New York Field Office Director for ICE, is responsible for the immediate custody of Petitioner who is currently incarcerated in the Bergen County Jail, Hackensack, New Jersey. He is therefore a proper party to this litigation. Pursuant to *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 493-500 (1973), venue therefore lies in the United States District court for the Southern District of New York as this is the Judicial District in which Petitioner's immediate custodian for habeas corpus purposes is located. *Rauf v. Shanahan*, No. 11 Civ. 7755 (S.D.N.Y 11/04/2011) (S.D.N.Y. is proper venue for immigration detainee in Bergen County Jail because ICE Director is responsible for immediate custody thereof and jail warden is merely an agent of ICE Director).

## PARTIES

11. Petitioner is a native of Dominican Republic and a legal permanent resident ("LPR") of the United States. He entered the U.S. with LPR status in 1993. Although he has maintained a residence in Manhattan, New York since his arrival to the United States, he has been in ICE custody since August 31, 2015. He was originally detained at 201 Varick Street, New York, NY on or about August 31, 2015 and was transferred on or around September 3, 2015 to the Bergen County Jail in Hackensack, NJ.

12. Respondent Christopher Shanahan is the Field Office Director of ICE in New York, NY, with offices located at 26 Federal Plaza, room 1105. ICE is the arm of DHS responsible for detaining and removing aliens under the immigration laws. Respondent has legal custody of Petitioner and is sued in his official capacity.

13. Respondent Christopher Davies is the Warden of the Bergen County Jail, located at 160 South River Street, in Hackensack, New Jersey. Respondent has contracted with ICE to house immigration detainees at the Bergen County facility and this court has personal jurisdiction over Respondent because of its substantial contacts with New York.

(Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits--subject, of course, to certain constitutional limitations of due process.) *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994); *see also* Fed.R.Civ.P. 4(e)(1) (permitting service of process pursuant to the applicable rules of the state in which a federal district court sits). And under New York law, personal jurisdiction lies over any non-resident who, in person or through an agent, "transacts any business within the state," N.Y. C.P.L.R. § 302(a)(1) (McKinney 1990). Because Respondent is in an ongoing business relationship with ICE's Field Office

Director of Operations in the southern district of New York, whereby it houses immigration detainees at its Bergen County facility, it has clearly made itself amenable to the jurisdiction of this court.

## STATEMENT OF FACTS

14. Petitioner is a legal permanent resident of the United States who pled guilty in January, 2003 to New York Penal Law Sec. 220.39 (attempted sale of cocaine). As a result of his plea, Petitioner was sentenced to five (5) years of probation and had his driver license suspended for six (6) months.   See Exhibit "B." (Certificate of Disposition).

15. On or about August 31, 2015, ICE officers took Petitioner from his New York City home, into custody at 201 Varick Street, New York, NY.  On August 31, 2015, Petitioner was served a Notice to Appear ("NTA").  The NTA cited two grounds for Petitioner's removal: 1) INA Sec. 237(a)(2)(A)(iii) (commision of an aggravated felony after admission as an LPR); and 2) INA Sec. 237(a)(2)(B)(i) (conviction of a controlled substance violation).  Those grounds were, in turn, based on Petitioner's 2003 plea to New York Penal Code Sec. 220.39 (attempt to sell cocaine).  See Exhibit "C." (NTA dated 8/31/15).

16. On or about September 3, 2015, Petitioner was transferred to the Bergen County Jail in Hackensack, New Jersey, by Respondent Christopher Shanahan, or an agent thereof.

17. On September 14, 2015, undersigned counsel represented the Petitioner at a hearing before Immigration Judge Thomas Mulligan at 201 Varick Street, New York. At that hearing, the undersigned requested an individualized bond hearing, which Judge Mulligan denied citing the mandatory detention statute (INA 236(c)) referenced above. See Exhibit "A."

18. Petitioner brings the instant set of claims for relief based on the government's denial of

his right to an individualized bond hearing to determine his eligibility for bail.

**FIRST CLAIM FOR STATUTORY RELIEF**

19. Petitioner realleges and incorporates by reference all preceding paragraphs and

allegations.

20. Section 1226(c) provides in pertinent part:

(1) Custody. The Attorney General shall take into custody and alien who—
(A) is inadmissible by reason of having committed any offense covered in
section 212(a)(2) [8 U.S.C. 1182(a)(2)] . . .,
when an alien is released, without regard to whether the alien is released
on parole, supervised release, or probation, and without regard to whether
the alien may be arrested or imprisoned again for the same offense.

21. As more fully explained in the accompanying memorandum of law, the plain text,

context, and structure of the statute makes clear that the clause "when the alien is

released" applies to aliens who are released from incarceration on the underlying offense

— not from any offense — and in close temporal proximity to that release from custody.

Decisions by the overwhelming majority of courts in this circuit support this

interpretation.

22. BIA's view in *Matter of Rojas, supra,* is that 1226(c) subjects an alien to mandatory

detention regardless of when they were released from detention. But this view flies in the

face of a straightforward reading of the statute and has been effectively overruled by

courts in this circuit for constitutional concerns that are directly relevant to the case at

issue.

23. Because ICE waited roughly twelve (12) years after Petitioner's underlying offense

before taking him into custody, the mandatory detention provisions of INA 236(c) simply

do not apply to him – and his detention under that provision without the right to a bond hearing is a violation of his due process rights under the U.S. Constitution.

## SECOND CLAIM FOR RELIEF
## PROCEDURAL DUE PROCESS

24. Petitioner realleges and incorporates by reference all preceding paragraphs and allegations.

25. As more fully explained in the accompanying memorandum of law, Petitioner's continued detention without an individualized hearing is in violation of his procedural due process rights.

26. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment to the U.S. Constitution." *Mathews v. Eldridge*, 424 U.S. 319 (1976). Courts employ the *Eldridge* test when an alien's due process liberty interests are at stake. *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160-61 (9th Cir. 2004). The test considers three factors: (1) the affected private interest; (2) the risk of erroneous deprivation of the interest; and (3) the government's interest.

27. In this case, Petitioner's interest is profound – his physical liberty. The risk of erroneous deprivation of that interest is also high, as he is neither a flight risk nor a danger to his community. For these reasons, Immigration Judge T. Mulligan would likely release the Petitioner on bond, were he to consider the equities in the case. *See Matter of Patel*, 151 I&N. Dec. 666, 666 (B.I.A. 1976) ("An alien generally is and should not be detained or required to post bond except on finding that he is a threat to national security, or that he is a poor bail risk."). However, the government's invocation of INA 236(c), U.S.C.

1226(c), forecloses that inquiry. Therefore, the government's interest in Petitioner's continued detention without an individualized bond hearing is minimal.

28. As the *Eldridge* test shows, Petitioner's interests here far outweigh those of the government.

29. For all the foregoing reasons, Petitioner's continued detention without an individualized bond hearing is not authorized under 1226(c) and constitutes a violation of his procedural due process rights.

## PRAYER FOR RELIEF

**WHEREFORE,** Petitioner Socrates Marte prays that this Court grant the following relief forthwith:

a. Assume jurisdiction over this matter;

b. Grant Petitioner a Writ of Habeas Corpus and order that he be immediately released from custody on his own recognizance;

c. Grant Petitioner a Writ of Habeas Corpus and order that Petitioner receive an individualized bond hearing by an immigration judge pursuant to 8 U.S.C. 1226(a), forthwith;

d. Order Respondents to refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding and while Petitioner remains in Respondent's custody;

e. Grant any further relief that this Honorable Court deems just and appropriate, including an order releasing the Petitioner from ICE custody and placing him under under electronic supervision.

**Robert C. Buckley, Esq.**, an attorney duly admitted to practice law in the Southern District of New York, declares, under the penalties of perjury, that the foregoing is true and correct.

Respectfully submitted,

Dated: Queens, New York
September 16, 2015

_____
Robert C. Buckley
**Law Office of Robert C. Buckley, Esq.**
55 Broadway, 13rd Floor
New York, NY 10006
Tel. (646) 284-5032
*Attorneys for Petitioner Socrates Marte*

# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NY

FILE: A044-263-163

IN THE MATTER OF:

MARTE ARIAS, SOCRATES EDILFONSO

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Department of
Homeland Security and the respondent, it is hereby

_____ ORDERED that the request for a change in custody status be
       denied

_____ ORDERED that the request be granted and that respondent be:

_____ released from custody on his own recognizance

_____ released from custody under bond of $ _____

_____ OTHER _____

Copy of this decision has been served on the respondent and the
Department of Homeland Security.

APPEAL:  waived -- reserved   1/2/14/15 JM

NEW YORK -- NEW YORK SERVICE PROCESSING CENTER (VARICK ST.)

Date: _____

                    THOMAS J. MULLIGAN
                    Immigration Judge

XS

EXHIBIT B

FEE:$10.00

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
100 CENTRE STREET
NEW YORK, NY 10013

CERTIFICATE OF DISPOSITION INDICTMENT

DATE: 09/11/2015

CERTIFICATE OF DISPOSITION NUMBER: 52007

PEOPLE OF THE STATE OF NEW YORK
VS.

MARTE, SOCRATES

|  |  |  |
|---|---|---|
| CASE NUMBER: | | 08056N-2002 |
| LOWER COURT NUMBER(S) : | | 2003NY075697 |
| DATE OF ARREST: | | 10/27/2002 |
| ARREST # : | | M026055580 |
| DATE OF BIRTH: | | 11/17/1979 |
| DATE FILED: | | 12/19/2002 |

DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 01/09/2003 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE CRIME(S) BELOW BEFORE JUSTICE CATALDO,J THEN A
JUSTICE OF THIS COURT.

ATTEMPTED CRIMINAL SALE OF A CONTROLLED SUBSTANCE 3rd DEGREE
PL 110-220.39 00 CF (DANGEROUS DRUG)

THAT ON 02/20/2003, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
CATALDO,J  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

ATTEMPTED CRIMINAL SALE OF A CONTROLLED SUBSTANCE 3rd DEGREE
PL 110-220.39 00 CF (DANGEROUS DRUG)
LICENSE SUSPENDED = 6 MONTH(S)
PROBATION = 5 YEAR(S)

SURCHARGE = $210 (PAID)

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 09/11/2015.

COURT CLERK

EXHIBIT C

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
201 VARICK ST., RM 1140
NEW YORK, NY 10014

RE: MARTE ARIAS, SOCRATES EDILFONSO
FILE: A044-263-163
DATE: Sep 4, 2015

TO: LAW OFFICE OF ROBERT C. BUCKLEY, ESQ.
BUCKLEY, Robert Cornelius
22-57 99TH STREET
EAST ELMHURST, NY 11369

Please take notice that the above captioned case has been scheduled for a MASTER hearing before the Immigration Court on Sep 14, 2015 at 1:00 P.M. at:

201 VARICK ST., RM 1140
NEW YORK, NY 10014

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Department of Homeland Security and held for further action, OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Department of Homeland Security established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT NEW YORK, NY THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 240-314-1500. For information on Immigration Court procedures, please consult the Immigration Court Practice Manual, available at www.usdoj.gov/eoir.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [m] ALIEN's ATT/REP [p] DHS
DATE: 9/4/15      ah      BY: COURT STAFF      V3
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [*] Other
*NOTE: PER TELEPHONIC CONVERSATION - COPY OF NTA IS ATTACHED*

ROBERT C. BUCKLEY, ESQ.
22-57 99TH STREET
East Elmhurst, NY 11369

RECEIVED
CLERK OF JUSTICE
15 SEP -4 PM 2:39
E.O.I.R.
IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NY

**DETAINED**

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 Varick Street, Room 1140
New York, NY 10014

IN THE MATTER OF :

SOCRATES MARTE
A#044263163

RESPONDENT

IN REMOVAL PROCEEDINGS
File No. A044-263-163

**RESPONDENT'S MOTION FOR BOND HEARING**

No Judge Assigned
No Hearings Scheduled

**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**201 Varick Street, Room 1140**
**New York, NY 10014**

| | | |
|---|---|---|
| **IN THE MATTER OF :** | ( | |
| | ( | |
| **SOCRATES MARTE** | ( | |
| **A#044263163** | ( | **IN REMOVAL PROCEEDINGS** |
| | ( | |
| **RESPONDENT** | ( | |

## MOTION FOR BOND HEARING

Respondent SOCRATES MARTE, through undersigned counsel, requests that a bond hearing be set as soon as possible. Respondent is currently detained by U.S. Customs and Immigration Enforcement in Bergen County Jail.

Respondent respectfully request that a bond hearing be set as soon as possible so that he can be provided an opportunity to demonstrate why he should be released on his own recognizance, or at the lowest possible bond. It is also requested that the hearing not be scheduled on **Thursday, September 3, 2015**, as undersigned counsel has a prior commitment in another court.

RESPECTFULLY submitted this 1st day of September 2015.

Robert C. Buckley
EOIR #NJ7291113
22-57 99th Street
East Elmhurst, NY 11369
(646) 284-5032
Attorney for Respondent Socrates Marte

**CERTIFICATE OF SERVICE**

I, ROBERT C. BUCKLEY, mailed or delivered a copy of this MOTION FOR BOND HEARING on September 1, 2015 to the DHS (U.S. Immigrations and Customs Enforcement) at 201 Varick Street, room 1130, New York, NY 10014.

Affirmed, this 1st Day of September, 2015:

Robert C. Buckley

U.S. DEPARTMENT OF HOMELAND SECURITY
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
OFFICE OF THE CHIEF COUNSEL
201 VARICK STREET, ROOM 1130
NEW YORK, NEW YORK 10014

| Name: | MARTE ARIAS, Socrates Edilfonso |
|---|---|
| File No.: | A044 263 163 |
| Address: | c/o Bergen County Jail |
| | 160 South River St. |
| | Hackensack, NJ 07601 |

You are hereby advised that the Notice to Appear served upon you on or about August 31, 2015 will be filed with the Immigration Court at Room 1140, 201 Varick Street, New York, NY 10014. You will receive notice of the date, time and place of any hearing scheduled in your removal proceedings by this Court. Any inquiries or correspondences concerning your removal hearing should be directed to that office. You must report any changes of your address or telephone number in writing directly to them on the attached Form EOIR-33.

Sincerely,

Sarah B. Campbell, Esq.
Assistant Chief Counsel
DHS/ICE/Litigation

Certificate of Service

I HEREBY CERTIFY that on September 2, 2015, I caused to be served a true copy of the foregoing document upon the respondent by:

[ ] first class mail at the following address:

[ ] facsimile transmission at the following telephone number:

[X] personal service.

Sarah B. Campbell, Esq.
Assistant Chief Counsel
DHS/Litigation

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Notice to EOIR: Alien Address**

Date: September 1, 2015

To: Office of the Immigration Judge, EOIR
201 Varick St.
New York, NY 10014

From: ICE ERO
201 Varick St
New York, NY 10014

Respondent: MARTE ARIAS, SOCRATES EDILFONSO    A Number: 044 263 163

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities.  A charging document has been served on the respondent and an immigration Detainer-Notice of Action by ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

His/her anticipated release date is.

☒ Detained by ICE on August 31, 2015 at:
Bergen County Jail
160 South River Street
Hackensack, NJ 07601

☐ Detained by ICE and transferred on

☐ Released from ICE custody on the following condition(s):
☐ Order of Supervision or Own Recognizance (Form I-220A)
☐ Bond in the amount of *Enter Dollar Amount of Respondent's Bond*
☐ Removed, Deported, or Excluded
☐ Other

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:

☐ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official: T. Love, Deportation Officer

Form I-830 (Rev. 4/26/99) N

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: MARTE ARIAS, Socrates Edilfonso

A-File Number: 044 263 163

Date: 08/31/2015

Event ID: NYC1508000657                     Subject ID: 353667633

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☒ Detained by the Department of Homeland Security.

☐ Released (check all that apply):
  ☐ Under bond in the amount of $ _____
  ☐ On your own recognizance.
  ☐ Under other conditions. [Additional document(s) will be provided.]
     _(NYC-Cz, Maran, 5129.)_

| Name and Signature of Authorized Officer | Title |
|---|---|
| _ Famil_ A. Morales | Supervisory Detention Deportation Officer |

Date and Time of Custody Determination
August 31, 2015 11:30 am

Office Location/Address
New York, NY

---

You may request a review of this custody determination by an immigration judge.

☒ I acknowledge receipt of this notification, and

☐ I do request an immigration judge review of this custody determination.

☐ I do not request an immigration judge review of this custody determination.

| Signature of Alien | Date |
|---|---|
| | 08/31/2015 |

---

The contents of this notice were read to MARTE ARIAS, Socrates E in the English language.
(Name of Alien)          (Name of Language)

| Name and Signature of Officer | Name or Number of Interpreter (if applicable) |
|---|---|
| _signature_ | N/A |
| Title | |
| _n.a._ | |

# ADDENDUM TO NOTICE OF CUSTODY DETERMINATION

*Gayle v. Johnson*, --- F. Supp.3d ---, 2015 WL 351669 (D.N.J. Jan. 28, 2015)

This addendum to the Department of Homeland Security, Notice of Custody Determination (DHS Form I-286 (1/14)) is provided to inform you of the basis for your detention under the Federal immigration laws and your right to seek review of your custody determination.

On January 28, 2015, the U.S. District Court for the District of New Jersey held that the Notice of Custody Determination (DHS Form I-286 (1/14)) fails to provide aliens subject to detention with adequate notice of their detention status, *i.e.*, whether the aliens are being detained under discretionary detention (Section 236(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a)) or mandatory detention (INA § 236(c), 8 U.S.C. § 1226(c)) grounds. As a result, the Court ruled that the U.S. Department of Homeland Security must inform all aliens detained in the State of New Jersey of the specific detention authority used to detain them and the type of custody redetermination hearing to which they are entitled. *Gayle v. Johnson*, --- F. Supp.3d ---, 2015 WL 351669, at *10, *25 (D.N.J. Jan. 28, 2015). This Addendum serves to inform you of the detention authority holding you and the type of hearing you may request.

Enclosed please notice that U.S. Immigration and Customs Enforcement (ICE) has determined that you are being detained under either discretionary or mandatory detention authority based on the box checked for that specific authority. You then may request a particular hearing corresponding to that detention authority. In other words, you may request an individualized bond determination hearing if you are being held under INA § 236(a) (discretionary detention). Likewise, you may request a custody redetermination, *i.e.*, a *Matter of Joseph* (*Joseph*), 22 I. & N. Dec. 799 (BIA 1999), hearing if you are being held under INA § 236(c) (mandatory detention).

If you would like to request a bond hearing or *Joseph* hearing before an Immigration Judge, please check the appropriate box and sign the form enclosed. A hearing then will be scheduled to determine your custody status.

Name: MARTE Alicia, Socrates

Alien Number:   A# 44-263-163

☑ ICE has determined that you are subject to discretionary detention under INA § 236(a).

☑ Yes, I do want a bond hearing to review this custody determination.

☐ No, I do not want a bond hearing to review this custody determination.

☐ I decline to make an election at this time.

☑ ICE has determined that you are subject to mandatory detention under INA § 236(c).

☐ Yes, I do want a *Joseph* hearing to review this custody determination.

☐ No, I do not want a *Joseph* hearing to review this custody determination.

☐ I decline to make an election at this time.

Signature of Alien:   X _____

Date: _____

Name and Signature of Authorized Officer: _____ (NICOZZ DASON)

Title: SDDO

Name of Interpreter (if applicable): _____ N/A _____

U.S. Department of Homeland Security

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 35366733 FINS: 112112604 6

File No: 044 263 163 DOB: 11/17/1979 Event No: NYC150800065 7

In the Matter of:

Respondent:   SOCRATES EDILFONSO MARTE ARIAS   currently residing at:

450 AUDUBON AVENUE NEW YORK,NEW YORK

(Number, street, city and ZIP code)   (Area code and phone number)

(917) 569-7707

- ☐ 1. You are an arriving alien.
- ☐ 2. You are an alien present in the United States who has not been admitted or paroled.
- ☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of DOMINICAN REPUBLIC and a citizen of DOMINICAN REPUBLIC;

3. You were admitted to the United States at JFK International Airport, Queens, New York on or about October 24, 1993 as a Lawful permanent resident;

4. On or about February 20, 2003, you were convicted of the crime of criminal sale of a controlled substance in the third degree, to wit: COCAINE, in violation of section 110/220.39(1) of the New York State penal law pursuant to a judgment entered in the Supreme Court of the State of New York, County of New York under New York County Supreme Court Indictment No. 08056-2002.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30(f)(2) ☐ 8CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:

**TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION COURT.**

(Complete Address of Immigration Court, including Room Number, if any)

on ___ To be set. at ___ To be set. to show why you should not be removed from the United States based on the charge(s) set forth above.

_(signature)_   (NUEST INSUN, SADQ)

A 4214 MORALES JR

SDDO

(Signature and Title of Issuing Officer)

Date: August 31, 2015   NEW YORK, NY

(City and State)

**U.S. Department of Homeland Security**

**Continuation Page for Form**  I-862

| Alien's Name | | |
| --- | --- | --- |
| MARTE ARIAS, SOCRATES EDILFONSO | | |
| File Number | Event No: NYCL1508000657 | |
| 044 263 163 | | |
| | | Date |
| | | 08/31/2015 |

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED
STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:

--------------------------------------------------------------------------------

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that,
at any time after admission, you have been convicted of an aggravated felony as defined in
section 101(a)(43)(B) & (U) of the Act, a law relating to an attempt or conspiracy to commit
an offense described in section 101(a)(43) of the Act.

Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any
time after admission, you have been convicted of a violation of (or a conspiracy or attempt
to violate) any law or regulation of a State, the United States, or a foreign country
relating to a controlled substance (as defined in Section 102 of the Controlled Substances
Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of
30 grams or less of marijuana.

| Signature | Title (NYC.D. Jackson/SDDO) | A 4214 MORALES, JR | SDDO |
| --- | --- | --- | --- |

Form I-831 Continuation Page (Rev. 08/01/07)

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a). Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm. You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order. Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____

_____
(Signature and Title of Immigration Officer)      Date: _____

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ____August 31, 2015____ , in the following manner and in compliance with section 239(a)(1)(F) of the Act.

[X] in person   [ ] by certified mail, returned receipt requested   [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[ ] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ____ENGLISH____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

A 6076     RIVERA _____ Immigration Enforcement Agent 
(Signature of Respondent if Personally Served)      (Signature and Title of officer)